IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and on behalf of their son MP,<br><br>    Plaintiff,<br><br>    v<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT and THE CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA BOARD OF EDUCATION, ALAN NISHINO, individually and as Superintendent of the Alameda Unified School District, ARDELLA DAILEY, as superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda Unified School District, CALIFORNIA DEPARTMENT OF EDUCATION and JACK O'CONNELL, as State Superintendent of Public Instruction for the State of California,<br><br>    Defendants. | No   C-05-04977 VRW<br><br>ORDER TO SHOW CAUSE |

On February 23, 2006, plaintiffs Linda and Francisco Pedraza, individually and on behalf of their son Michael Pedraza, filed a first amended complaint ("FAC")(Doc #10) against Alameda Unified School District ("AUSD") and other defendants for violations of the Individuals with Disabilities in Education Act (IDEA), 20 USC §§ 1400, et seq; the Rehabilitation Act of 1973 ("RA"), 20 USC § 794; 42 USC § 1983; and breach of contract. All of plaintiffs' claims were based on their allegation that AUSD failed to provide Michael Pedraza the free and appropriate education (FAPE) to which he was entitled under IDEA during the 2003-2004 school year. On March 27, 2007, the court dismissed plaintiffs' § 1983 claims and plaintiffs' claims for compensatory and punitive damages under the IDEA and punitive damages under the RA. Doc #65 at 22.

Two other cases were filed in the Pedrazas' name in 2007. On September 17, 2007, plaintiffs' counsel Vernon C Goins II ("Goins") filed a complaint for damages in this court, originally docketed as No C-07-04781 MEJ. The 07-4781 complaint named the same plaintiffs and defendants as the FAC and listed the same causes of action, except the breach of contract cause of action. The chief difference between the 07-4781 complaint and the FAC is that the 07-4781 complaint sought redress for the alleged denial of a FAPE for three additional school years: 2004-2005, 2005-2006 and 2006-2007. Compare Doc #10 at ¶42 with Doc #5 in 07-04781 at ¶37. Then, on November 14, 2007, Linda Pedraza, on behalf of Michael Pedraza, filed a petition in the state court appealing a June 19, 2007 decision of the Office of Administrative Hearings (OAH) which determined, among other things, that AUSD had not denied Michael

2

For the Northern District of California

Pedraza a FAPE for the 2004-2005, 2005-2006 and 2006-2007 school years.  Doc #1 in 07-5989 at Exh A.  On November 27, 2007, AUSD and OAH removed the state court action to this court (Doc #1 in 07-5989), where it was originally docketed as No C-07-05989 EMC.

Because the two new cases were both based on the issue whether AUSD denied Michael Pedraza a FAPE, the undersigned related the new cases to this case and then consolidated the cases, closing the 2007 cases and ordering that all further pleadings and motions be filed in No C-05-04977.  Doc ##92, 97.

On December 17, 2007, Goins filed a motion to withdraw as counsel of record for plaintiffs.  Doc #93.  On December 26, 2007, Linda Pedraza filed a motion for issuance of an order to show cause why Goins should not be sanctioned for alleged misconduct during his representation of the Pedrazas.  Doc #105.

In addition, on December 19, 2007 and January 4, 2008, Linda Pedraza filed separate motions for reconsideration of the court's orders relating and then consolidating the various cases filed in Michael Pedraza's name.  Doc #100, 110.  In these motions, Linda Pedraza purports to represent her son, Michael Pedraza.

I

The first issue before the court is Goins's motion to withdraw as counsel.  The trial court is given broad discretion in determining whether a motion to withdraw should be granted.  See Whiting v Lacara, 187 F3d 317 (2d Cir 1999).  Courts regularly consult the American Bar Association's Model Rules of Professional Conduct ("MRPC") as well as state-imposed ethical obligations.  See Whiting, 187 F3d at 321 ("[T]he Model Code provides guidance for

3

the court as to what constitutes 'good cause' to grant leave to withdraw as counsel.").

Here it is evident that Goins and plaintiffs' relationship has degenerated to the point that it would be extremely difficult for Goins to carry out further representation effectively. Both Goins and plaintiffs are in favor of Goins's withdrawal. The dispute between Goins and plaintiffs dates back at least as far as May 7, 2007, when Linda Pedraza filed a letter with the court requesting that Goins be ordered to withdraw for reasons including his alleged failure to communicate with plaintiffs regarding the case. Doc #72. The court responded by ordering plaintiffs and Goins to confer with Magistrate Judge Maria-Elena James, which they did on June 7, 2007. Doc ##73, 78. These and other efforts were apparently of no avail, as Linda Pedraza filed a motion to dismiss counsel on December 11, 2007, citing as an additional reason to dismiss Goins his filing of the 07-04781 action, allegedly without plaintiffs' knowledge or approval. Doc #91. For his part, Goins states that continued representation has been made impossible in part by Linda Pedraza's repeated filing of documents with the court purporting to represent Michael Pedraza. Doc #94 at 6.

On these facts, the court finds good cause for withdrawal. See MPRC 1.16(a)(3) ("[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if * * * the lawyer is discharged.") See also Paul W Vapnek, California Practice Guide: Professional Responsibility 10:45-46 (The Rutter Group, 2006) ("A withdrawal motion may properly be based simply on a personality clash with the

4

client. The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw.") (citing Estate of Falco, 188 Cal App 3d 1004, 1014 (1987)).

The situation is complicated, however, by the fact that Michael Pedraza is a minor. He is represented in this case by his parents, Francisco and Linda Pedraza, as guardians at litem. Doc #17. Although non-attorneys may appear pro se on their own behalf, a non-attorney guardian must be represented by counsel in bringing an action on behalf of a minor. Johns v County of San Diego, 114 F3d 874, 877 (9th Cir 1997).

It has been brought to the court's attention that Francisco Pedraza is an active member of the State Bar of California. But it is Linda Pedraza, a non-attorney, who has repeatedly filed motions purportedly on Michael Pedraza's behalf. The need for an attorney to represent Michael Pedraza's interests is underscored by these motions which, though earnest, offer the court little assistance in sorting through the issues in this case. Because the case cannot proceed until Michael Pedraza, through his guardians, is represented by an attorney, Goins's motion to withdraw must be denied.

At a hearing on February 14, 2008, Francisco Pedraza told the court that although he is admitted to the State Bar of California, he is not admitted to the bar of this court and is a transactional lawyer unfamiliar with litigation practice. He feels, therefore, unable to represent his son effectively in this matter.

The court respects the position of both Mr and Mrs Pedraza but it also appreciates the awkward position in which Goins

5

finds himself. <u>Johns</u>, however, appears to tie the court's hands from proceeding in this matter without the appearance of new counsel for plaintiffs.

II

The other issue presently before the court centers around the various motions filed by Linda Pedraza, purportedly on behalf of Michael Pedraza. Linda Pedraza has filed a motion for issuance of an order to show cause why Goins should not be sanctioned for alleged misconduct during his representation of the Pedrazas (Doc #105), a motion for reconsideration of the relation of Nos C-07-04781 MEJ and C-07-05989 EMC to this case (Doc #100) and a motion for reconsideration of the consolidation of these cases (Doc #110). Because a non-attorney guardian may not represent a minor child, these motions – purportedly filed on behalf of Michael Pedraza – are not properly before the court. The motions filed by Linda Pedraza must be terminated. Upon appearance of new counsel, that counsel can determine whether the issues raised by Linda Pedraza's various filings have any merit and proceed accordingly.

III

For reasons discussed above, the motion to withdraw as counsel of record for plaintiffs (Doc #93) is DENIED without prejudice. The motion for issuance of an order to show cause (Doc #105) is TERMINATED and the motions for reconsideration of relation and consolidation (Doc ##100, 110) are TERMINATED.

The court ORDERS that the plaintiffs show cause in writing on or before April 30, 2008, why this action should not be

dismissed without prejudice for absence of counsel.  Plaintiffs are warned that good cause may be shown ONLY by the appearance of substitute counsel.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge