IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PEDRAZA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants.<br>_____<br>ALAMEDA UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Counter-Claimants,<br><br>  v.<br><br>LINDA PEDRA and FRANCISCO PEDRAZA,<br><br>    Counter-Defendants.<br>_____/ | No. C 05-4977 CW<br><br>ORDER FOR BRIEFING ON DISTRICT'S MOTION FOR SUMMARY JUDGMENT OF ITS ATTORNEYS' FEES AND COSTS, DISMISSING DISTRICT'S REMAINING COUNTER-CLAIMS AND DENYING MS. PEDRAZA'S MOTIONS (Docket Nos. 253 and 254) |

On September 29, 2011, the Court issued an order granting summary judgment of liability on the counter-claims for breach of the 2003 Settlement Agreement and for express indemnity under that Agreement asserted by Counter-Defendants Alameda Unified School District and Alameda Unified School District Board of Education (together, the District). In the Order, the Court noted that the District's damages remained to be determined and that the District

had not moved for summary judgment on three of its counter-claims, which were still pending in the action. The Court ordered the District to file a statement proposing how to determine its damages and how it proposed to proceed on its pending counter-claims.

On October 4, 2011, the District filed a response indicating that its damages on the two claims on which it prevailed consisted solely of attorneys' fees and costs and suggested that it file a motion for attorneys' fees and costs. The District also indicated that it would voluntarily dismiss without prejudice its remaining pending counter-claims for enforcement of the 2007 mediated agreement, fraud and attorneys' fees.[1] On October 7, 2011, Plaintiff Linda Pedraza filed a response and opposition, in which she essentially requests reconsideration of the Court's summary judgment order. On October 13, 2011, Ms. Pedraza filed documents entitled, "Motion for Leave of Court to Supplement the Complaint," and "Motion for Ex Parte Relief." Having considered all the papers submitted by the parties, the Court orders the District to file a motion for summary judgment of its attorneys' fees and costs, grants the District's request to dismiss its remaining counter-claims and declines to reconsider its summary judgment order. Ms. Pedraza's new motions to file a supplemental complaint

---

[1] Although the District requests attorneys' fees as damages in the claims on which it prevailed, it also requests dismissal of a separate counter-claim for attorneys' fees.

2

(docket no. 253) and for ex parte relief (docket no. 254) are denied.

Under Civil Local Rule 7-9, a party may ask a court to reconsider an interlocutory order if the party can show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9

In her October 7 filing, Ms. Pedraza challenges the admissibility of the District's evidence on the same grounds she argued in her opposition to the District's motion for summary judgment. Because a request for reconsideration is not a forum for relitigating previous arguments, the Court declines to reconsider its summary judgment order.

In Ms. Pedraza's June 8, 2011 pretrial conference statement, to which she alludes in her October 7, 2011 response, she indicated that discovery had not yet taken place in this case and that she planned to seek depositions, student records, and other documents such as emails, notes and Individual Education Plan recordings. If Ms. Pedraza did

3

not have the discovery she needed, she should have sought discovery or alerted the Court of her need for discovery in her opposition to the motion for summary judgment.

Furthermore, it does not appear that any further discovery would have affected the outcome of the dispositive motions. The Court's summary judgment order addressed several motions. State Defendants' motion for judgment on the pleadings was based on the allegations in Ms. Pedraza's First Amended Complaint, not on evidence outside the pleadings. Therefore, any lack of discovery did not affect the outcome of that motion. The District's motion for summary judgment on Ms. Pedraza's appeal of the Office of Administrative Hearings' (OAH) Ruling and on her claims of breach of the 2003 Settlement Agreement and violation of the IDEA for 2003-04 based upon the breach of the Settlement Agreement was based on the evidence in the administrative record. Ms. Pedraza could have cited evidence from the administrative record, if there was any, to raise a disputed issue of material fact. However, she failed to cite any evidence from the administrative record. Therefore, any lack of discovery did not affect the outcome of this motion. Likewise, the District's motion for summary judgment on its counter-claims of breach of contract and express indemnity were based on citations to evidence in the administrative record. Ms. Pedraza also could have cited to the

4

administrative record. She failed to do so. Further, in light of the fact that the District's claims were based on Mr. and Ms. Pedraza's failure to cooperate with service providers, they could have countered with evidence in their own possession showing that they did cooperate. They failed to do so.

In sum, Ms. Pedraza's ability to raise a disputed issue of material fact in all of the District's motions was not dependent upon discovery of materials in the possession of the District. The Court declines to reconsider its summary judgment order on the ground that Ms. Pedraza did not have access to discovery in the possession of the District.

Within four weeks from the date of this order, the District shall file a motion for summary judgment of its attorneys' fees and costs. Mr. and Ms. Pedraza shall file an opposition within three weeks thereafter and the District may file a reply one week later. The motion will be decided on the papers. If Mr. and Ms. Pedraza believe they need evidence in the possession of the District in order to oppose the attorneys' fees and costs motion, they may propound requests to the District for limited discovery solely related to the issue of the amount of the District's attorneys' fees and costs. The District's counter-claims for enforcement of the 2007 mediated settlement agreement, fraud and attorneys' fees are dismissed without prejudice. The Court denies Ms.

5

1  Pedraza's motions to supplement the complaint and for ex
2  parte relief.  (Docket Nos. 253 and 254).
3
4      IT IS SO ORDERED.
5
6  Dated: 10/20/2011                  _____
7                                     CLAUDIA WILKEN
                                      United States District Judge